ACCEPTED
03-17-00756-CV
21332184
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/15/2017 4:29 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-17-00756-CV

IN THE COURT OF APPEALS FOR THE THIRD DISTRICT
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/15/2017 4:29:33 PM
JEFFREY D. KYLE
Clerk

_____

IN RE BOBBY WAYNE MCKISSACK, INDIVIDUALLY AND AS
CO-AGENT AND ATTORNEY IN FACT FOR JOE ANN MCKISSACK
AND BOBBY WILSON MCKISSACK, AND ERIC MCKISSACK,
INDIVIDUALLY AND AS CO-AGENT AND ATTORNEY IN FACT
FOR JOE ANN MCKISSACK AND BOBBY WILSON MCKISSACK,

*Relators,*

_____

Mandamus Originating From
274th District Court, Comal County, Texas
Cause No. C2017-1496C

_____

RELATORS' MOTION FOR EMERGENCY RELIEF

_____

TO THE HONORABLE COURT OF APPEALS:

Pursuant to the Texas Rules of Appellate Procedure, including Tex. R. App. P. 52.10, Relators, Bobby Wayne McKissack, Individually and as Co-Agent and Attorney in Fact for Joe Ann McKissack and Bobby Wilson McKissack, and Eric McKissack, Individually and as Co-Agent and Attorney in Fact for Joe Ann McKissack and Bobby Wilson McKissack ("Relators") file this Motion for Emergency Relief and show the following:

1.      Relators have filed a Petition for Writ of mandamus, in which Relators seek relief from a November 9, 2017 order (the "Order") from the Honorable Gary L. Steel, Judge Presiding of the 274th Judicial Court, the Judicial District Court, Comal County, Texas. See Order (attached as **Exhibit "A"**). In the Order, the Court granted Respondent's Motion for Anti-Suit Injunction and enjoined and abated two guardianship proceedings pending in the County Court in Taylor County, Texas.

2.      In Relators' Petition for Writ of Mandamus filed with the Court on November 14, 2017, Relators ask this Court to issue a writ of mandamus 1) reversing the Order of the Comal County District Court, which granted Plaintiff's Motion for Anti-Suit Injunction, and 2) dissolving the Temporary Injunction Order issued by the Comal County District Court in its entirety.

3.      Until such time as the Court can address Relators' Petition, Joe Ann McKissack and Bobby Wilson McKissack are facing financial and emotional difficulties that can only be resolved through the guardianship proceedings pending in Taylor County. While these financial and emotional issues have been prevalent since the applications were filed and necessitated same, these issues have been ramping up such that this emergency relief is now imminently necessary. Another family member, Brian McKissack apparently now has POA for both Joe Ann and Bobby Wilson McKissack; however, he is failing to take care of their day to day financial needs. For example, Joe Ann and Bobby Wilson McKissack still own a home and acreage in Pearsall, Texas and Brian had failed to pay the homeowners' insurance, thus requiring Eric McKissack to pay the insurance out of his pocket (so as to not violate the temporary injunction) earlier this month. This issue and others are set forth in more detail in the Affidavits of Eric McKissack and Kami McKissack attached hereto as **Exhibits "B"** and **"C."**

Further, despite being incapacitated and in need of the assistance provided at the assisted living facility in Abilene, Joe Ann recently declared that they were moving back to Pearsall due to the costs of the facility. The reason that Eric and his wife, Kami, moved Joe Ann and Bobby Wilson McKissack to Abilene a year ago was due to the fact that their medical and financial needs were not being met in Pearsall. Bobby Wilson has dementia and needs dialysis three times a week and

Joe Ann has macular degeneration such that she can no longer drive or take care of their daily needs.

Further, the sons (Stephen and Bobby Wayne) and grandsons (Bryan and Eric) of Joe Ann and Bobby Wilson are on opposite sides of the underlying legal battle, brought by Real Party in Interest Stephen McKissack. This family fight has caused a tremendous emotional toll on both Joe Ann and Bobby Wilson. As such, the guardianships need to proceed immediately in order to insure the financial needs and emotional well-being of Joe Ann and Bobby Wilson McKissack are properly attended to. Relators will be irreparably harmed if this emergency relief is not granted and certainly if this Court eventually determines that they are not entitled to maintain guardianship proceedings in the only court with jurisdiction over those proceedings for Joe Ann McKissack and Bobby Wilson McKissack. Accordingly, Relators request that the Court immediately issue an order: allowing Relators to proceed with the guardianship proceedings in Taylor County, Texas while Relator's Petition is pending determination before the Court.

4. The prejudice to Relators will be great if this motion is not granted, whereas the prejudice to Real Party in Interest, Stephen McKissak will be minimal as he did not even file a response to Relators' Petition for Writ of Mandamus seeking the same relief.

## PRAYER FOR RELIEF

WHEREFORE, pending the Court's consideration of Relators' Petition for Writ of Mandamus, Relators respectfully request that the Court grant this Motion for Temporary Relief and immediately issue an order: allowing Relators to proceed with the guardianship proceedings filed for Joe Ann McKissack and Bobby Wilson McKissack in Taylor County, Texas. Relators also request such other and further relief to which they may be entitled.

Respectfully submitted,

MCMAHON SUROVIK SUTTLE, P.C.
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

BY: /s/ Robert B. Wagstaff
    Robert B. Wagstaff
    State Bar No. 20665000
    rwagstaff@mcmahonlawtx.com

ATTORNEYS FOR RELATORS

## CERTIFICATE OF COMPLIANCE

I, Robert B. Wagstaff, do hereby affirm that Relators have complied with Texas Rule of Appellate Procedure 52.10 and made diligent effort to notify all parties by facsimile that a motion for emergency relief is being filed in accordance with the Texas Rules of Appellate Procedure.

    /s/ Robert B. Wagstaff
ROBERT B. WAGSTAFF

## CERTIFICATE OF CONFERENCE

I, Robert B. Wagstaff, do hereby affirm that Relators have complied with Texas Rule of Appellate Procedure 10.1 and made effort on December 15, 2017 to confer with all other parties about the merits of Relators' Motion for Emergency Relief; however, Relators were unable to reach opposing counsel to confer.

    /s/ Robert B. Wagstaff
ROBERT B. WAGSTAFF

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was forwarded to all attorneys of record via facsimile and e-service and to Respondent via facsimile on this 15th day of December, 2017, in accordance with the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure.

 /s/ Robert B. Wagstaff
ROBERT B. WAGSTAFF

CAUSE NO. <u>C2017-1496C</u>

FILED FOR RECORD
AT 10:00 o'clock A M

NOV 09 2017

HEATHER N. KELLAR
CLERK DISTRICT COURT
COMAL COUNTY, TEXAS
BY SMC DEPUTY

| | | |
|---|---|---|
| STEPHEN MILLER MCKISSACK<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | |
| BOBBY WAYNE MCKISSACK,<br>INDIVIDUALLY AND AS CO-AGENT AND<br>ATTORNEY IN FACT FOR JOE ANN<br>MCKISSACK AND BOBBY WILSON<br>MCKISSACK, AND ERIC MCKISSACK,<br>INDIVIDUALLY AND AS CO-AGENT AND<br>ATTORNEY IN FACT FOR JOE ANN<br>MCKISSACK AND BOBBY WILSON<br>MCKISSACK,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 274TH JUDICIAL DISTRICT<br><br><br><br><br>OF COMAL COUNTY, TEXAS |

### ORDER ON PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER & ANTI-SUIT INJUNCTION

On November 2, 2017, in the above-styled and numbered cause, this Court heard Plaintiff's Application for Temporary Restraining Order and Anti-Suit Injunction.

Plaintiff, Stephen Miller McKissack (hereinafter referred to as "Steve McKissack"), appeared by and through counsel Charles Sullivan and Aubrey Flowers and announced ready.

Defendants, Bobby Wayne McKissack (hereinafter referred to as "Bobby Wayne McKissack") and Eric McKissack (hereinafter referred to as "Eric McKissack"), appeared by and through counsel Robert Wagstaff and announced ready.

After careful consideration of the pleadings, records, exhibits, documents filed by counsel, applicable authorities, and the arguments of counsel, **THIS COURT FINDS:**

A. On July 31, 2017, Bobby Wayne McKissack caused to be filed a complaint for forcible detainer against Steve McKissack and all others occupying the premises at ████████████████ under Cause No. E117167;

**ORDER ON PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER & ANTI-SUIT INJUNCTION**
Page 1 of 7

EXHIBIT A

B. On August 24, 2017, Cause No. E117167 was nonsuited as to Steve McKissack and all others occupying the premises at ███████████████████ ████████ and dismissed;

C. On August 29, 2017, Steve McKissack filed an Original Petition and an Application for Ex-Parte Temporary Restraining Order in the 274th Judicial District Court of Comal County, Texas under Cause No. C2017-1496C;

D. On August 29, 2017, this Court heard, approved, signed, and ordered that the temporary restraining order issue without notice to Defendants, restraining Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from:

> "...directly or indirectly using, selling, or entering into any transactions relative to the personal or marital estate of Joe Ann McKissack and Bobby Wilson McKissack or making any sort of use of the accounts or funds associated with the personal or marital estate of Joe Ann McKissack and Bobby Wilson McKissack; from taking any action that would be detrimental to the personal or marital estate of Joe Ann McKissack and Bobby Wilson McKissack; and, from causing any further damages or waste to the personal or marital estate of Joe Ann McKissack and Bobby Wilson McKissack."

E. On September 11, 2017, the parties agreed to and this Court signed an order extending the temporary restraining order until September 28, 2017;

F. On September 28, 2017, Defendants appeared in court in front of the Honorable Judge Gary Steel in the 274th Judicial District Court of Comal County, Texas,

seeking a continuance to employ counsel. This Court admonished each of the Defendants that they needed to review the Temporary Restraining Order and to abide by it in its entirety until such time as the case was reset. This Court specifically admonished the Defendants to take no action that could be considered a violation of the Temporary Restraining Order;

G.  On October 12, 2017, Defendant Bobby Wayne McKissack, by and through counsel, Robert Wagstaff, filed two guardianship actions in Taylor County with regard to the person and estate of Joe Ann McKissack and Bobby Wilson McKissack, in direct violation of this Court's temporary restraining order; and

H.  On October 18, 2017, Defendants, by and through counsel, Robert Wagstaff, agreed to the injunctive order, attached hereto as Exhibit "1" and incorporated herein by reference as if set forth word for word, also pertaining to the personal and marital estate of Joe Ann McKissack and Bobby Wilson McKissack, despite having already filed the two guardianship actions in Taylor County with regard to the personal and marital estate of Bobby Wilson McKissack and Joe Ann McKissack. The agreed injunctive order enjoined Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys from committing the restrained conduct as described above and previously ordered by this Court's temporary restraining order. Further, counsel Robert Wagstaff never brought the existence of the two guardianship actions filed in Taylor County to the attention of this Court or Plaintiff's counsel. In fact, the existence of the two guardianship actions filed in Taylor County were not discovered by Plaintiff's counsel until **AFTER** counsel Robert Wagstaff agreed

to the injunctive order, which was entered by agreement and signed before visiting judge, the Honorable Todd Bloomerth.

**THIS COURT FURTHER FINDS** that Plaintiff has met the requisite burden of proof necessary for the issuance of this Temporary Restraining Order and Anti-Suit Injunction by establishing each and every element imposed by Texas law governing the issuance of anti-suit injunctions and orders of abatement on grounds of dominant jurisdiction;

The Applications for Appointment of Permanent Guardian for the Person and Estate of Joe Ann McKissack (Cause No. 2-1219) and the Person and Estate of Bobby Wilson McKissack (Cause No. 2-1220), filed by Bobby Wayne McKissack in the County Court at Law #2 of Taylor County, are inherently interrelated to and inextricably intertwined with the Application for Ex Parte Temporary Restraining Order and Injunction, filed by Steve McKissack in the 274th Judicial District Court of Comal County (Cause No. C2017-1496C), the subsequent Temporary Restraining Order issued by this Court, and the Agreed Injunction, in that both actions involve the same parties and the personal and marital estate of Joe Ann McKissack and Bobby Wilson McKissack;

The Applications for Appointment of Permanent Guardian for the Person and Estate of Joe Ann McKissack (Cause No. 2-1219) and the Person and Estate of Bobby Wilson McKissack (Cause No. 2-1220), filed on behalf of Bobby Wayne McKissack by Defendant's attorney Matt Mercer in the County Court at Law #2 of Taylor County, constitute vexatious litigation; a multiplicity of inherently interrelated and inextricably intertwined suits; and represents a clear threat to this Court's exclusive jurisdiction of the personal and marital estate of Bobby Wilson McKissack and Joe Ann McKissack;

Very special circumstances exist such that this injunction is necessary to prevent an irreparable miscarriage of justice in that the guardianship actions in Taylor County were filed on

behalf of Bobby Wayne McKissack by and through his attorney Matt Mercer, Robert Wagstaff's partner, while this Court's temporary restraining order was in full force and effect; and, on October 18, 2017, while engaged in negotiations with Plaintiff's counsel regarding the terms of the injunctive order, Counsel for Defendants, Robert Wagstaff, failed to even mention the existence of the guardianship actions filed in Taylor County to Plaintiff's counsel and this Court, all of which points to the fact that this was legal maneuvering and a specific and direct attempt by Defendants and both of their attorneys, Robert Wagstaff and Matt Mercer, to not only circumvent this Court's exclusive jurisdiction of the personal and marital estate of Joe Ann McKissack and Bobby Wilson McKissack, but also to circumvent this Court's injunctive authority, and avoid this Court's injunctive language that counsel for Defendants, Robert Wagstaff, eventually agreed to despite having already filed the guardianships in Taylor County; and

Clear equity demands that Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys cease and desist from filing or pursuing any actions or claims outside of the 274th Judicial District Court of Comal County, Texas that are based on, related to, or otherwise pertaining to the personal or marital estate of Joe Ann McKissack and Bobby Wilson McKissack; that Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys be permanently enjoined and restrained from proceeding with the Applications for Appointment of Permanent Guardian for the Person and Estate of Joe Ann McKissack (Cause No. 2-1219) and the Person and Estate of Bobby Wilson McKissack (Cause No. 2-1220) in Taylor County; and that the Applications for Appointment of Permanent Guardian for the Person and Estate of Joe Ann McKissack (Cause No. 2-1219) and the Person and Estate of Bobby Wilson McKissack (Cause No. 2-1220) in Taylor County be abated pending final resolution of Cause No. C2017-1496C in the 274th Judicial District Court of Comal County, Texas or until

further notice of this Court.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:**

1. That Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys are hereby **ORDERED** to cease and desist from filing or pursuing any actions or claims outside of the 274th Judicial District Court of Comal County, Texas that are based on, related to, or otherwise pertaining to the personal or marital estate of Joe Ann McKissack and Bobby Wilson McKissack;

2. That Defendants, Defendants' officers, agents, servants, employees, successors and assigns, and attorneys are permanently enjoined and restrained from proceeding with the Applications for Appointment of Permanent Guardian for the Person and Estate of Joe Ann McKissack (Cause No. 2-1219) and the Person and Estate of Bobby Wilson McKissack (Cause No. 2-1220) in Taylor County; and

3. The Applications for Appointment of Permanent Guardian for the Person and Estate of Joe Ann McKissack (Cause No. 2-1219) and the Person and Estate of Bobby Wilson McKissack (Cause No. 2-1220) in Taylor County be and are hereby **ABATED** pending final resolution of Cause No. C2017-1496C in the 274th Judicial District Court of Comal County, Texas or until further notice of this Court.

**IT IS FURTHER ORDERED** that the clerk of the above-entitled court shall issue a writ of injunction in conformity with the law and the terms of this order; this writ of injunction shall be effective immediately; and, by agreement of the parties, the requirement of a bond is waived and

attorney's fees incurred by Steve McKissack are waived only for the purpose of the hearing held on November 2, 2017.

11/9/17

SIGNED and ENTERED on ~~11/10/17~~ at 8:36 A .M.

_____
PRESIDING JUDGE

APPROVED AS TO FORM:

_____
Robert Wagstaff
Attorney for Defendants

## EXHIBIT 1

NO. C2017-1496C

*1:45 P*

| | | |
|---|---|---|
| STEPHEN MILLER MCKISSACK<br>Plaintiff, | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | |
| BOBBY WAYNE MCKISSACK,<br>INDIVIDUALLY AND AS CO-AGENT AND<br>ATTORNEY IN FACT FOR JOE ANN<br>MCKISSACK AND BOBBY WILSON<br>MCKISSACK, AND ERIC MCKISSACK,<br>INDIVIDUALLY AND AS CO-AGENT AND<br>ATTORNEY IN FACT FOR JOE ANN<br>MCKISSACK AND BOBBY WILSON<br>MCKISSACK,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 274th JUDICIAL DISTRICT<br><br><br><br>OF COMAL COUNTY, TEXAS |

## AGREED TO TEMPORARY INJUNCTION

On this day the above-styled and numbered case came on for consideration before the Court. Plaintiff has applied and given bond for a temporary injunction in this cause, and all parties agree that the injunction issue.

IT IS THEREFORE, AGREED AND ORDERED AS FOLLOWS:

BOBBY WAYNE MCKISSACK, INDIVIDUALLY AND AS CO-AGENT AND ATTORNEY IN FACT FOR JOE ANN MCKISSACK AND BOBBY WILSON MCKISSACK and ERIC MCKISSACK, INDIVIDUALLY AND AS CO-AGENT AND ATTORNEY IN FACT FOR JOE ANN MCKISSACK AND BOBBY WILSON MCKISSACK are ~~commanded~~ restrained ~~to immediately desist and refrain from~~ from committing any acts of violence or threatening to commit any acts of violence against Stephen Miller McKissack, ~~Bryan McKissack, or Alisha McKissack~~; from coming within 200 feet of Stephen Miller McKissack, ~~Bryan McKissack, or Alisha McKissack~~; from making any contact with Stephen Miller McKissack, ~~Bryan McKissack, or Alisha McKissack~~; from entering the property located at ███████████

█████████; from coming within 200 feet of ████████████████████████:

*notwithstanding use of personalty for medical needs,*

from directly or indirectly using, selling, or entering into any transactions relative to the personal or

marital estate of Joe Ann McKissack and Bobby Wilson McKissack or making any sort of use of the

*notwithstanding deposits,*

accounts or funds associated with the personal or marital estate of Joe Ann McKissack and Bobby

Wilson McKissack; from taking any action that would be detrimental to the personal or marital

estate of Joe Ann McKissack and Bobby Wilson McKissack: and, from causing any ~~further~~

damage or waste to the personal or marital estate of Joe Ann McKissack and Bobby Wilson

McKissack.

SIGNED and ENTERED on _____18 Oct 2017____ at __1⁴⁵ P__.M.

_____
PRESIDING JUDGE

AGREED AS TO FORM AND SUBSTANCE:

_____
Gina Jones
Attorney for Plaintiff

_____
Robert B. Wagstaff
Attorney for Defendants

STATE OF TEXAS
COUNTY OF COMAL
I certify this to be a true and correct
copy of the record FILED & RECORDED
in the Official Court records of District
Court on this date and time stamped
thereon.

Heather N. Kellar
Comal County District Clerk
By: _____

# AFFIDAVIT OF ERIC McKISSACK

| | |
|---|---|
| **COUNTY OF TAYLOR** | § |
| | § |
| **STATE OF TEXAS** | § |

BEFORE ME, the undersigned official, on this day appeared ERIC McKISSACK, who is personally known to me, and after first being duly sworn according to law under oath deposed and stated:

"My name is ERIC McKISSACK. I am over the age of 18 years, I am a resident of Taylor County, Texas, and I am fully capable of making this affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

"I am the grandson of BOBBY WILSON McKISSACK ("BOB") and JOE ANN McKISSACK ("JOE ANN").

"On November 8, 2016, JOE ANN executed a Durable Power of Attorney naming Affiant and BOBBY WAYNE McKISSACK ("BOBBY")—JOE ANN's son—as co-agents. On July 18, 2017, BOB executed a Durable Power of Attorney naming Affiant and BOBBY—also his son—as co-agents.

"Steadily for some time, BOB's physical and mental condition has declined. Since September 2017, JOE ANN's physical and mental condition has likewise declined.

"In February 2017, BOB and JOE ANN moved from Pearsall, Frio County, Texas to Abilene, Taylor County, Texas. BOB and JOE ANN moved into Lyndale Abilene, a senior care facility located in Abilene, Texas ("Lyndale"). Affiant and Affiant's wife, KAMI McKISSACK ("KAMI") assumed responsibility for assisting with the care for BOB and JOE ANN following their move to Abilene.

"BOB and JOE ANN moved to Abilene because they needed daily assistance with their health care (e.g. physician visits, travel to and from dialysis treatments, administration of medication), and with management of their property and finances, including but not limited to payment of regular monthly bills and expenses. Affiant and KAMI provided the bulk of that assistance. For example, Affiant would drive BOB to and from his Friday dialysis appointments, KAMI would drive BOB and JOE ANN to their doctor's appointments, and KAMI would assist with the payment of BOB and JOE ANN's regular monthly bills.

"On or about August 29, 2017, BOB and JOE ANN's son, STEPHEN McKISSACK ("STEPHEN"), filed suit in Comal County and obtained a temporary restraining order against BOBBY and Affiant, in both their individual capacities and as agents under the Durable Powers of Attorney, alleging tortious interference with contract, intentional infliction of emotional distress, and other bad acts. An agreed temporary injunction was entered on October 18, 2017, and at that time BOB and JOE ANN's grandson, BRYAN

EXHIBIT B

McKISSACK ("BRYAN") assumed responsibility for managing the property and finances of BOB and JOE ANN. When BRYAN took control, Affiant and KAMI prepared a detailed folder with instructions on business matters for BOB and JOE ANN, including but not limited to lists of accounts, bills to be paid, and other similar and pertinent information. Shortly after it was given to BRYAN, that same folder was found in BOB and JOE ANN's apartment with numerous unaddressed, but stamped, envelopes inside. According to JOE ANN, these were left for her to mail to pay bills. JOE ANN could not see sufficiently enough to address envelopes, which made her frustrated and concerned.

"Sometime in late September 2017, BOB and JOE ANN were removed from Lyndale by BRYAN, and taken to Pearsall, Texas. On information and belief, BRYAN took BOB and JOE ANN to an attorney in New Braunfels and had BOB and JOE ANN execute what are believed to be new Durable Powers of Attorney appointing BRYAN as their agent. The execution of these documents has not been confirmed, although copies have been requested on multiple occasions.

"While visiting with BOB and JOE ANN following their return to Abilene, Affiant was told by JOE ANN that she and BOB 'signed some papers' that BRYAN had prepared for them. JOE ANN could not recall what papers were signed, although she believed one of the documents was a Will. JOE ANN also said she had not requested that any papers be prepared, and she did not know the lawyer who met with them. JOE ANN told Affiant that she did not like the person that gave them the papers to sign.

"On October 12, 2017, BOBBY filed an Application for Guardianship of the Person and Estate of BOB and JOE ANN. In support of the guardianship applications, BOBBY also filed Physician's Certificates of Medical Examination completed by Vince Van Aght, MD, and dated October 17, 2017. Dr. Van Aght, who was and is the primary care physician for BOB and JOE ANN, certified in both evaluation forms that BOB and JOE ANN were totally incapacitated and in need of a guardian.

"On October 30, 2017, STEPHEN filed a Motion in the Comal County litigation claiming that the filing of the guardianships violated the temporary injunction entered in that case, and asking the court to enter an anti-suit injunction to "stay" the guardianship proceedings. The Comal County district court granted the anti-suit injunction, and that matter is now on mandamus appeal. The guardianships in Taylor County remain on hold pending the outcome of the appeal.

"In the meantime, BOB and JOE ANN's physical and mental health, and their property and finances, continue to be jeopardized by BRYAN and/or STEPHEN. On numerous occasions in the past three months, BOB or JOE ANN have placed emotional and panicked phone calls to Affiant, BOBBY or KAMI because they have been told that 'they have no money' or that Affiant, BOBBY or KAMI have 'stolen their property or money.' Each time, Affiant and KAMI have reassured BOB and JOE ANN that what they have been told is not true.

"Since moving to Abilene, Affiant or KAMI have handled nearly 100% of the care needs for BOB and JOE ANN. On only two occasions has BRYAN, or his wife ALISHA McKISSACK ("ALISHA") offered to provide any assistance. The first time, Affiant and KAMI left town for a weekend on a family vacation. We asked BRYAN or ALISHA to help take BOB to dialysis. Neither BRYAN nor ALISHA would take BOB, but ALISHA instead arranged for a 'nurse friend' to take him to the appointment. When KAMI asked for the friend's contact information so that she could inform her as to the routine, ALISHA replied that it was unnecessary because the nurse 'was a professional and could handle it.' ALISHA eventually provided the contact information after Affiant and KAMI refused to leave town without first being able to at least confirm the friend's identity and do our due diligence to assure BOB's safety around ALISHA's friend. The second time Affiant and KAMI left town, again for a family trip, BRYAN took BOB to his dialysis appointment. When Affiant and KAMI returned, BRYAN advised that he would never help BOB or JOE ANN again.

"Since assuming control, BRYAN has failed to properly manage the business and financial affairs of BOB and JOE ANN. Specifically, the homeowner's insurance on their home in Pearsall almost lapsed for nonpayment. When notified by the insurance company, Affiant personally paid the premium so that the insurance would remain in place. Further, BOB and JOE ANN's property taxes on their property in Comal and Frio Counties are delinquent. The Frio County taxes were to be paid in full upon the sale of BOB and JOE ANN's home in Pearsall. However, the lawsuit filed by STEPHEN blocked any effort to sell that property, and the taxes remain unpaid to date. The property provides no useful value to BOB and JOE ANN's estate, as it is solely a liability and should be liquidated to cover the costs of their care.

"Further, BRYAN has accused Affiant and KAMI of stealing property belonging to BOB and JOE ANN. Specifically, BRYAN told BOB and JOE ANN during a visit in November 2017 that a royalty check was missing, and either Affiant or KAMI must have stolen it. This accusation angered BOB, who demanded answers from Affiant and KAMI, neither of whom knew anything about the royalty check. Later, the same royalty check that BRYAN accused Affiant or KAMI of stealing was located under a placemat on the dining table in BOB and JOE ANN's apartment.

"Finally, on or about December 12, 2017, BOB and JOE ANN informed Affiant and BOBBY that they were moving back to Pearsall and would find someone there to care for them; that they could not afford to stay at Lyndale because it was too expensive; that they would hire a moving company or rent a truck or get BRYAN to help them move; and that BOB was upset because they could never get the 'western channel on the big television in the living room.'

"It is not safe or in the best interest of BOB or JOE ANN to move from Lyndale, where they receive appropriate care and oversight. It is especially not in the best interest of BOB or JOE ANN to move from Lyndale without any sort of plan in place for their protection or safety. Moving from Lyndale could put the health or safety of BOB or JOE ANN in immediate jeopardy.

"In Affiant's opinion, it is not in the best interest of BOB or JOE ANN to manage their own property or finances, or to have BRYAN manage their property or finances, because of the incidents referenced herein which have or could have caused damage to their estates.

Further, Affiant sayeth not.


_____
ERIC McKISSACK, Affiant


SUBSCRIBED AND SWORN TO BEFORE ME, on the _____ day of December, 2017, to which witness my hand and seal of office.

SARAH A. MCGRAW
Notary ID # 125090435
My Commission Expires
October 18, 2020
NOTARY PUBLIC
STATE OF TEXAS

_____
Notary Public, State of Texas

# AFFIDAVIT OF KAMI McKISSACK

| | |
|---|---|
| COUNTY OF TAYLOR | § |
| | § |
| STATE OF TEXAS | § |

BEFORE ME, the undersigned official, on this day appeared KAMI McKISSACK, who is personally known to me, and after first being duly sworn according to law under oath deposed and stated:

"My name is KAMI McKISSACK. I am over the age of 18 years, I am a resident of Taylor County, Texas, and I am fully capable of making this affidavit. I have personal knowledge of the facts stated herein and they are true and correct.

"I am the granddaughter-in-law of BOBBY WILSON McKISSACK ("BOB") and JOE ANN McKISSACK ("JOE ANN"). I am the wife of BOB and JOE ANN's grandson, ERIC McKISSACK ("ERIC").

"I have a close personal relationship with BOB and JOE ANN, and have been intimately involved in their personal care and business affairs since they moved to Abilene in February 2017. I have done this at their request, and to assist my husband and his uncle, BOBBY WAYNE McKISSACK ("BOBBY"), who are BOB and JOE ANN's agents under Durable Powers of Attorney.

"In February 2017, BOB and JOE ANN moved from Pearsall, Frio County, Texas to Abilene, Taylor County, Texas. BOB and JOE ANN moved into Lyndale Abilene, a senior care facility located in Abilene, Texas ("Lyndale"). The move was made necessary because BOB and JOE ANN's health, well-being and safety were of growing concern. Before the move, JOE ANN was still driving although she had been rendered legally blind by macular degeneration. Neither BOB nor JOE ANN were taking their medications correctly or regularly. JOE ANN would misplace personal items, and then accuse her housekeepers of stealing them. BOB and JOE ANN's son, STEPHEN McKISSACK ("STEPHEN") would come by their home and take items that did not belong to him.

"Once they were in Abilene, BOB and JOE ANN stabilized. Affiant and ERIC assumed primary responsibility for meeting their needs, doing almost 100% of the work not offered or provided by Lyndale. Affiant and ERIC bought groceries and toiletries for them, took them to the doctor and to dialysis appointments, did their laundry and other chores. Affiant and ERIC also assisted with property management and bill payment.

"Following the move, finances were tight for BOB and JOE ANN, so a decision was made to sell the residence in Pearsall, Frio County, Texas, to provide some financial breathing room and pay off delinquent ad valorem taxes in Frio and Comal County. That plan was not able to be carried out, however, because of the lawsuit filed by STEPHEN in Comal County.

EXHIBIT C

"Following the filing of the lawsuit, BRYAN McKISSACK ("BRYAN")—STEPHEN's son and ERIC's brother—assumed responsibility for managing the property and finances of BOB and JOE ANN. When BRYAN took control, he was provided with a detailed folder listing instructions on business matters for BOB and JOE ANN, including but not limited to lists of accounts, bills to be paid, and other similar and pertinent information. Shortly after it was given to BRYAN, that same folder was found in BOB and JOE ANN's apartment with numerous unaddressed, but stamped, envelopes inside. According to JOE ANN, these were left for her to mail to pay bills. JOE ANN could not see sufficiently enough to address envelopes, which made her frustrated and concerned.

"BOB and JOE ANN's physical and mental health has declined sharply since the litigation began. The relationship of the family, likewise, has deteriorated. JOE ANN is prone to crying fits and gets confused very easily. BOB gets angered and upset by the arguments and allegations. Regularly, after visits from BRYAN or with STEPHEN, JOE ANN will call very upset and express that she feels like 'a stupid woman' and asking Affiant 'why she does the things' that BRYAN and STEPHEN ask her to do.

"JOE ANN has asked Affiant why she no longer pays bills or takes care of things for them. When told that BRYAN must handle those things now due to the litigation, JOE ANN expresses that she does not want BRYAN to handle her affairs, because 'he knows nothing about us.'

"Since assuming control, BRYAN has failed to properly manage the business and financial affairs of BOB and JOE ANN. Specifically, the homeowner's insurance on their home in Pearsall almost lapsed for nonpayment. When notified by the insurance company, Affiant and ERIC personally paid the premium out of our own pocket so that the insurance would remain in place. BOB and JOE ANN have complained that they are often without snacks, groceries or hygiene and health products. It is Affiant's understanding that BRYAN in in possession of BOB and JOE ANN's credit card, but has not used it to provide them with all of the things that they need. As a result, Affiant and ERIC have given them these items and personally paid for them.

"BRYAN has accused Affiant and ERIC of stealing property belonging to BOB and JOE ANN, which is not true. These allegations only upset BOB and JOE ANN. On information and belief, BRYAN has taken BOB and JOE ANN to see doctors that are not their primary care physician, and BOB and JOE ANN have expressed that they do not want to see other doctors.

"It is not safe or in the best interest of BOB or JOE ANN to move from Lyndale, where they receive appropriate care and oversight. It is especially not in the best interest of BOB or JOE ANN to move from Lyndale without any sort of plan in place for their protection or safety. Moving from Lyndale could put the health or safety of BOB or JOE ANN in immediate jeopardy.

"In Affiant's opinion, it is not in the best interest of BOB or JOE ANN to manage their own property or finances, or to have BRYAN manage their property or finances,

because of the incidents referenced herein which have or could have caused damage to their estates.

Further, Affiant sayeth not.



KAMI McKISSACK, Affiant

SUBSCRIBED AND SWORN TO BEFORE ME, on the _____ day of December, 2017, to which witness my hand and seal of office.

SARAH A. MCGRAW
Notary ID # 125090435
My Commission Expires
October 18, 2020

Notary Public, State of Texas